# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 13, 2013

No. 12-41093
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALAN ADOLFO RIOS-MORALES,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:12-CR-312-1

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Alan Adolfo Rios-Morales appeals his jury conviction of one count of conspiracy to possess with intent to distribute more than five kilograms of cocaine and one count of possessing with intent to distribute more than five kilograms of cocaine, in violation of 18 U.S.C. §§ 841(a)(1), (b)(1)(A), 846. Rios-Morales argues that the evidence was insufficient to support his conviction of both counts. For the following reasons, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

When reviewing a preserved sufficiency claim, we decide "whether, viewing all the evidence in the light most favorable to the verdict, a rational trier of fact could have found that the evidence established the essential elements of the offense beyond a reasonable doubt." *United States v. Villarreal*, 324 F.3d 319, 322 (5th Cir. 2003)  "All reasonable inferences must be drawn, and all credibility determinations made, in the light most favorable to the verdict." *Id.*

To establish a conspiracy under § 846, the Government must prove that: (1) an agreement existed between two or more persons to violate federal narcotics law; (2) the defendant knew of the existence of the agreement; and (3) the defendant voluntarily participated in the conspiracy. *United States v. Thomas*, 690 F.3d 358, 366 (5th Cir. 2012).  Rios-Morales argues that the evidence was insufficient to prove his knowing and voluntary participation in a conspiracy.

A search of the car Rios-Morales was driving revealed more than 15 kilograms of cocaine worth in excess of $1 million, which supports an inference of knowledge.  *See Villareal*, 324 F.3d at 324; *see also United States v. Ochoa*, 667 F.3d 643, 648 (5th Cir. 2012) (noting that knowledge of a conspiracy may be inferred from the amount of drugs).  In addition, Rios-Morales gave inconsistent statements to officers regarding his activities and his ownership of the vehicle. He told officers at the Pharr point of entry that he planned on traveling to McAllen, just 10 miles from the border, to shop.  However, after leaving Pharr, he traveled to the Falfurrias checkpoint–some fifty miles north of the border–where he claimed to be going to San Marcos to shop.  He also alternatively claimed to agents that he purchased the Mercedes; that it was a company car; and that another person made arrangements to purchase the vehicle.  However, the car registration was in Rios-Morales's name.  These inconsistent statements are further evidence of guilty knowledge. *See United States v. Casilla*, 20 F.3d 600, 606 (5th Cir. 1994).  In light of the foregoing, the evidence supports the verdict on the conspiracy count.

No. 12-41093

The offense of possession with intent to distribute requires proof of (1) possession, (2) knowledge, and (3) intent to distribute. *United States v. Vasquez*, 677 F.3d 685, 694 (5th Cir. 2012). Although a jury ordinarily may infer that a defendant has knowledge of the presence of drugs in a vehicle from his control over the vehicle, when the contraband is hidden, as in this case, this court requires additional circumstantial evidence that is suspicious in nature or demonstrates guilty knowledge. *Villareal*, 324 F.3d at 324. Rios-Morales asserts that there is insufficient evidence of his knowing possession of the hidden cocaine.

As with the conspiracy count, the value of the drugs and the inconsistent statements support an inference that Rios-Morales knew of the cocaine's presence in the car. *See Villareal*, 324 F.3d at 324-25. In addition, Rios-Morales was visibly nervous when questioned at the Pharr port of entry on March 31 and following his arrest. Although nervousness can be a normal reaction to those circumstances, it may also support an inference of guilty knowledge when viewed in context with other evidence suggesting it derived from consciousness of criminal behavior. *United States v. Diaz-Carreon*, 915 F.2d 951, 954 (5th Cir. 1990).

Viewing the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found that the evidence established the offense elements beyond a reasonable doubt. Accordingly, the judgment is AFFIRMED.